**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CLOVIS A. REEVES, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:07-CR-0286-CC-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:10-CV-1095-CC-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Clovis A. Reeves' pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 240]. On July 26, 2011, the undersigned conducted an evidentiary hearing to determine whether Reeves' trial counsel, Michael J. Trost, provided him ineffective assistance in connection with his decision to plead not guilty and proceed to trial. [Doc. 270]. Having considered the motion, the evidence presented at the hearing, and the parties' post hearing-briefs, the undersigned finds that Reeves has not shown deficient performance by counsel.

## I. PROCEDURAL HISTORY

A federal grand jury returned a superseding indictment charging Reeves in Count One with conspiracy to knowingly cause false information to be entered into the

records required by law to be kept by a federal firearms dealer, in violation of 18 U.S.C. § 371; in Counts Two through Eight with aiding and abetting others in making false statements and representations in writing with respect to information required by law to be kept in the records of a federally licensed firearms dealer, in violation of 18 U.S.C. §§ 924(a)(1)(A) and 2; and in Counts Nine through Twelve with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). [Doc. 150]. Reeves pleaded not guilty and proceeded to trial represented by court-appointed counsel Mr. Trost. [Docs. 155, 157]. The jury found Reeves guilty of all twelve counts in the superseding indictment. [Doc. 161]. On July 24, 2008, the Court imposed a total sentence of 151 months of imprisonment. [Doc. 206].

Reeves, represented by court-appointed counsel Janice K. Jenkins, timely appealed. [Doc. 207]. On March 6, 2009, the United States Court of Appeals for the Eleventh Circuit affirmed, concluding that the district court did not abuse its discretion in denying Reeves' motion in limine to exclude the testimony of fourteen New Jersey police officers as to their recovery of firearms from crime scenes near his residences. [Doc. 238].

On April 12, 2010, Reeves, proceeding pro se, timely filed this motion to vacate his sentence, claiming that trial counsel, Mr. Trost, provided him ineffective assistance

2

in connection with his decision to plead not guilty and proceed to trial. [Doc. 240 at 5; Doc. 240-1]. Specifically, Reeves claims that Mr. Trost failed to inform him of (1) his right to plead guilty without a plea agreement and without cooperation, (2) the advisory nature of the federal sentencing guidelines and the possibility of an acceptance of responsibility reduction, and (3) any available defense to his case in the face of the overwhelming evidence. [Doc. 240-1 at 5-6]. Reeves contends that he would have pleaded guilty had counsel explained that he could do so without cooperating against his co-defendants, that the fifteen year term of imprisonment mentioned in the government's offer was merely notice of the maximum sentence allowed by law, and the advisory nature and effect of the sentencing guidelines. [Id. at 6].

The government responds that Reeves' claims lack merit and has submitted an affidavit from Mr. Trost in which he contradicts Reeves' assertions. [Doc. 245 at 7-11, Ex. A]. Reeves replies that Mr. Trost's affidavit is false. [Doc. 252]. The undersigned determined that the record was insufficient to resolve Reeves' grounds for relief, and thus, an evidentiary hearing was required. [Doc. 255].

3

## II. SUMMARY OF RELEVANT EVIDENTIARY HEARING TESTIMONY

Reeves testified that he told Mr. Trost he wanted to "take a plea agreement" because he was guilty and wanted to accept responsibility. [Doc. 270 at 9]. The government introduced a proffer letter signed by Reeves and Mr. Trost on October 17, 2007. [Id. at 4; Gov't Ex. A]. Reeves stated that Mr. Trost instructed him to sign the letter just before the proffer session and that he did not read the letter, but listened to how Mr. Trost described it. [Id. at 10-11]. Reeves asserted that he did not know the effect the proffer would have if he decided to go to trial, but now understands that it would prevent him from testifying at trial. [Id. at 11-12]. Reeves further testified that he did not recall his entire conversation with Mr. Trost, but understood that his proffer could not be used against him. [Id. at 12].

In January of 2008, Reeves received a letter from Mr. Trost with a proposed plea agreement. [Id. at 13; Gov't Ex. B]. Reeves stated that he did not understand the contents of the plea agreement. [Id. at 13-14]. On February 4, 2008, Reeves sent a letter to Mr. Trost asking several questions concerning the proposed plea agreement and proffer. [Id. at 14; Gov't Ex. C]. Reeves believed that the agreement was for a fifteen year sentence and that it required him to cooperate with the government. [Id. at 17-18]. Reeves did not want to cooperate against his co-defendants because of his

4

religious beliefs. [Id. at 18-19]. Reeves believed that his only options were to either accept the fifteen year deal and cooperate with the government or go to trial. [Id. at 19]. In his letter, Reeves asked Mr. Trost whether he could reserve his rights to file a § 2255 motion, but he does not recall if counsel answered that question. [Id. at 20-21]. Reeves did not know that he could enter a guilty plea without an agreement. [Id. at 24]. Reeves testified that he and Mr. Trost never discussed all of the questions contained in his letter and that Mr. Trost never explained all of his options to him. [Id. at 28-29].

On cross-examination, Reeves testified that Mr. Trost visited him on a number of occasions between his indictment and trial. [Id. at 33]. Although Reeves does not "have a problem reading," he never read the proffer letter and did not ask for further explanation because he trusted Mr. Trost. [Id. at 36]. Reeves read the proposed plea agreement, but did not understand the sentencing guidelines. [Id. at 38, 42]. Reeves did not recall whether he and Mr. Trost discussed all of the questions contained in Reeves' February letter. [Id. at 43-44]. Reeves also did not recall telling Mr. Trost that his co-defendants would not testify against him at trial. [Id. at 47].

Mr. Trost testified that he visited Reeves at least six times after sending him the plea agreement and before trial. [Id. ta 55]. Mr. Trost testified that he explained to

5

Reeves that he could plead guilty without cooperation. [Id.]. Mr. Trost also explained the benefits of pleading guilty. [Id. at 56]. Mr. Trost testified that sometime before his January 2008 letter, he sent a letter to Reeves "outlining some of the potential sentencing issues." [Id. ta 57].

Regarding the October 2007 proffer, Mr. Trost explained to Reeves that it was not a cooperation agreement and explained "the upside and downside" of the proffer, including that, while the government could not "use the information he provides to directly prosecute him, it can be used to impeach him or contradict him should he testify at trial." [Id. at 58-59]. Reeves appeared to understand Mr. Trost's explanation. [Id. at 59]. Mr. Trost never told Reeves that he could not testify because he had given a proffer. [Id. at 69]. Mr. Trost advised Reeves that "his chances of success were very dire," in light of the fact that several of his co-defendants had pleaded guilty, "and that the consequences of going to trial and losing were significant." [Id. at 59].

Mr. Trost went to visit Reeves in response to the February 2008 letter. [Id. at 60]. During that meeting, Mr. Trost addressed all of Reeves' questions. [Id.]. Reeves appeared to understand Mr. Trost's explanations of the plea agreement. [Id. at 61]. Reeves told Mr. Trost that he did not want to plead guilty because he "did not accept a lot of the allegations against him and felt that some of the witnesses . . . would not

6

testify." [Id. at 62]. Mr. Trost "begged [Reeves] to plead guilty because there was, in [Mr. Trost's] opinion, no realistically good outcome," but Reeves chose to go to trial. [Id.].

Mr. Trost explained the sentencing guidelines to Reeves on "numerous" occasions and explained the maximum and minimum penalties, which were also outlined in the plea agreement. [Id.]. There was never any specific recommendation in the plea agreement as to Reeves' sentences, which would have been concurrent. [Id. at 63]. Mr. Trost explained to Reeves the disagreement he had with the government as to some of the sentencing enhancements, which were excepted out of the appeal waiver in the plea agreement, and that their chances of winning those arguments "were greater if [Reeves] pled guilty as opposed to going to trial and losing." [Id.].

On rebuttal, Reeves testified that he did not "recall conversations with Mr. Trost regarding sentencing enhancements before [he] made [his] decision to [not] plead guilty." [Id. at 73]. Reeves also did not recall how many times he met with Mr. Trost, "exactly what [they] spoke about" during those visits, or "Mr. Trost ever explaining . . . [his] different options in pleading out or cooperating." [Id. at 76-78].

AO 72A
(Rev.8/82)

## III. DISCUSSION

The two-pronged standard for evaluating ineffective assistance of counsel claims is set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." <u>Id.</u> at 690. Second, in order to meet the prejudice prong of <u>Strickland</u>, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694. A court need not address both prongs "if the defendant makes an insufficient showing on one." <u>Id.</u> at 697.

"The failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of <u>Strickland</u>." <u>Flinch v. Vaughn</u>, 67 F.3d 909, 916 (11th Cir. 1995) (citation omitted). When advising an accused who is considering a plea offer, "counsel must, after making an independent examination of the facts, circumstances, pleadings and laws involved, offer his informed opinion as to the best course to be followed in protecting the interests of his client." <u>Wofford v. Wainwright</u>, 748 F.2d 1505, 1508 (11th Cir. 1984) (per curiam). As to the second prong of <u>Strickland</u> in the

8

context of guilty pleas, the prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59 (1985). In other words, to show prejudice after a rejected plea, a movant "must show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995) (per curiam) (citation and alterations omitted).

The undersigned credits Mr. Trost's testimony that he advised Reeves that he could plead guilty without cooperating with the government, thoroughly explained the sentencing guidelines to Reeves, informed Reeves that his proffer could be used to impeach or contradict him should he testify at trial, and never told Reeves that he could not testify because he had given a proffer. [Doc. 270 at 55, 59, 62-63, 69]. Notably, Reeves did not testify at the evidentiary hearing that he would have testified at trial had he not given a proffer. The undersigned also credits Mr. Trost's testimony that, after explaining the benefits of pleading guilty and the risks of going to trial, he advised Reeves to plead guilty. [Id. at 56, 59, 62-63]. The undersigned does not find credible Reeves' testimony that he did not understand the proffer letter, the plea agreement, and the relevant sentencing guidelines, or his testimony that he would have pled guilty had

9

he understood that he could do so without cooperating with the government. In fact, Reeves testified repeatedly that he did not recall all of his conversations with Mr. Trost. [Id. at 12, 21, 43, 47, 73, 76-78]. The undersigned further credits Mr. Trost's testimony that Reeves decided to plead guilty because he "did not accept a lot of the allegations against him and felt that some of the witnesses . . . would not testify." [Id. at 62]. Accordingly, the undersigned finds, based on Mr. Trost's more credible testimony, that Reeves received effective assistance of counsel in connection with his decision to proceed to trial and has not shown prejudice. See Coulter, 60 F.3d at 1504; Wofford, 748 F.2d at 1508.

## IV. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant

10

satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Reeves' grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 240], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the assigned Magistrate Judge.

**IT IS SO ORDERED** this 12th day of December, 2011.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)